ORDERED in the Southern District of Florida on JAN 1 8 2008



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                 Chapter 11

PERALTA FOOD CORP., a Florida Corporation          Case No. 07-16508-BKC-AJC
d/b/a Mar & Tierra Supermarket,

      Debtor.
_____/

### MEMORANDUM, OPINION AND ORDER GRANTING CREDITOR, ROBERTO PERALTA'S MOTION FOR RELIEF FROM STAY TO (1) ALLOW DISTRICT COURT TO ENTER RULING ON DEBTOR'S OBJECTION TO MAGISTRATE ORDER; AND (2) ALLOW DISBURSEMENT OF FUNDS HELD IN DISTRICT COURT REGISTRY

THIS MATTER came before the Court on Thursday, November 15, 2007 on the Motion filed by Creditor, ROBERTO PERALTA, for Relief from Stay to Allow the District Court to Enter a Ruling on Debtor's Objection to the Magistrate's Order and to Allow Disbursement of funds Held in the District Court Registry. For the reasons set forth herein, the Court **GRANTS** Creditor's Motion.

1. On August 15, 2007 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") for relief under title 11 of the United States Code (the "Bankruptcy Code").

2. Prior to the Bankruptcy, the Creditor was employed by the Debtor.

3. On December 23, 2005, the Creditor filed an action to recover damages under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*, against the Debtor and its principal, Maximo Peralta.

4. On July 19, 2006, after numerous failures by the Debtor and Maximo Peralta to respond to Roberto Peralta's discovery requests, the District Court entered a Default Final Judgment in the amount of $372,585.60 against the Debtor and Maximo Peralta (the "Default Final Judgment").

5. On August 1, 2006, the District Court issued a writ of execution (the "Writ of Execution") to allow Roberto Peralta to levy against property belonging to Maximo Peralta and the Debtor in order to satisfy the full amount of the Default Final Judgment.

6. On or about September 1, 2006, Roberto Peralta attempted to levy against the Debtor's assets pursuant to the Writ of Execution.

7. In order to stop Roberto Peralta from levying against the Debtor's assets, Roberto Peralta, the Debtor, and Maximo Peralta executed a settlement agreement (the "Settlement Agreement") whereby Roberto Peralta agreed to stay the execution upon Debtor's and Maximo Peralta's assets in exchange for their agreement to satisfy the Default Final Judgment pursuant to a mutually agreed upon payment plan. A true and correct copy of the Settlement Agreement is attached to Court Paper No. 8 as Exhibit "A."

8. Pursuant to the terms of the Settlement Agreement, the Debtor and Maximo Peralta agreed to pay the Creditor (i) a lump sum payment in the amount of $50,136.00; and (ii)

2

payments in the amount of $2,500.00 per week commencing October 2, 2006 until the Default Final Judgment was satisfied.

9. On September 28, 2006, the Debtor and Maximo Peralta filed (i) a Motion to Set Aside and Vacate the Default and Final Default Judgment (the "Motion to Vacate") (District Court D.E. #41); and (ii) a Motion to Stay Compliance with Settlement Agreement (the "Motion to Stay") (District Court D.E. #40).

10. On June 15, 2007, Magistrate Torres entered an Order denying both Motions (the "Magistrate Order"). The Magistrate Order expressly found that both the Default Final Judgment and the Settlement Agreement are valid and enforceable. Specifically, the Magistrate Order provides that "the [Magistrate] finds that [Maximo Peralta and the Debtor] would not have been able to show that a good reason existed for the action or inaction that resulted in the default." See Magistrate Order at P. 16 a true and correct copy is attached as Exhibit "B" to Court Paper No. 8.

11. On June 29, 2007, the Debtor and Maximo Peralta filed procedural objections (the "Objections") to the Magistrate Order on the grounds that the Magistrate improperly issued an Order, rather than a Report and Recommendation, contrary to Magistrate Rule 1(d).

12. On August 21, 2007, the District Court entered an Order overruling the Objections and affirming the Magistrate's Order denying the Motion to Vacate and Motion to Stay against Maximo Peralta. The District Court stayed ruling on the Debtor's objection to the Magistrate Recommendation due to Debtor's bankruptcy filing. However, the District Court expressly stated that, "though [its] findings relate only to the Motions of Defendant Maximo Peralta, the Court notes that the exact same circumstances apply to Defendant Peralta Food Corp., and that its findings on such motion with respect to [Peralta Food Corp.] **would likely be identical**." See District Court's *Order affirming Magistrate Judge's Order on Defendant's Motion to Stay*

3

*Compliance, denying [40] Motion to Stay Compliance, adopting [90-2] Magistrate judge's Report and Recommendation on Defendant's Motion to Set Aside Default, and denying Defendant's Motion to Set Aside Default* dated August 21, 2007 (the "Order Overruling Maximo Objection and Affirming Denial of Motion to Vacate and Motion to Stay")(emphasis added) attached as **Exhibit "A"** to Court Paper 37.

### A) Stay Relief is Granted as Entry of an Order Denying Debtor's Motion to Vacate and Motion to Stay is a Ministerial Act Exempted from Automatic Stay.

13. Various circuits have applied the "ministerial act" exception to the automatic stay provisions of the bankruptcy code. *See, e.g., Soares v. Brockton Credit Union (In re Soares),* 107 F.3d 969, 973-74 (1st Cir.1997) (noting that ministerial acts, even if undertaken in a state judicial proceeding subsequent to a bankruptcy filing, **do not fall within the proscription to the automatic stay**) (emphasis added); *Rexnord Holdings, Inc. v. Bidermann,* 21 F.3d 522, 527 (2nd Cir.1994) (holding that act of entry of judgment by court clerk was a ministerial act and did not violate stay); *In re Pettit,* 217 F.3d 1072, 1080 (9th Cir. 2000)("[Ministerial act] exception stems from the common-sense principle that a judicial "proceeding" within the meaning of section 362(a) **ends once a decision on the merits has been rendered.** Ministerial acts or automatic occurrences that entail no deliberation, discretion, or judicial involvement do not constitute continuations of such a proceeding.").

14. In the instant case the Peralta Action has already been litigated between the parties. Roberto Peralta obtained a Final Judgment against the Debtor. The Debtor executed a binding and enforceable Settlement Agreement with Roberto Peralta in order to avoid Roberto Peralta's right to execute on the Final Judgment. The Magistrate Order has already found that both the Default Final Judgment and the Settlement Agreement are valid, binding, and

enforceable. *See* Magistrate Order at P. 16 attached as Exhibit "B" to C.P. #1 of Adv. Case No. 07-01609-AJC-A.

15. Moreover, as discussed above, the District Court's Order Overruling Maximo Objection and Affirming Denial of Motion to Vacate and Motion to Stay expressly states that its findings on both Motions with respect to the Debtor **"would likely be identical."**

16. In view of the District Court's express findings in the Order Overruling Maximo Objection and Affirming Denial of Motion to Vacate and Motion to Stay, the entry of a ruling with respect to the Debtor's Objection is akin to a purely ministerial function. The District Court has already had an opportunity to hear argument, review the parties' respective briefs, and deliberate on the Objections. Accordingly, the Debtor and its estate will not be prejudiced by allowing the District Court to enter a ruling on the Debtor's Objection to the Magistrate Order.

**B) Alternatively, the Motion for Relief from Automatic Stay is Granted Because Cause Exists to Lift the Automatic Stay to Prevent Duplication of Lawyer and Judicial Effort and to Avoid Inconsistent Rulings in Two Forums.**

17. Even assuming, *arguendo*, that the relief sought in this Motion is subject to the provisions of 11 U.S.C. §362, cause exists to lift the Automatic Stay to allow for the District Court to enter a ruling on the Debtor's Objection to the Magistrate Order.

18. The Bankruptcy Code, 11 U.S.C. §362(d)(1), provides that the automatic stay may be modified "for cause, including the lack of adequate protection." The Bankruptcy Code does not provide a definition of "cause" for which modification is appropriate. Therefore, the court must determine whether discretionary relief from the stay is appropriate on a case by case basis. *In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985).

19. Cause for lifting the stay exists here, principally because of the risks, if the stay is not lifted, of inconsistent results in two forums, of a conflict in the interpretation of state law

between this Court and the District Court, and of duplication of lawyer and judicial effort. *See In re Davis*, 91 B.R. 470, 471 (Bankr.N.D.Ill. 1988) (Cause existed to lift automatic stay to allow the continuation of breach of employment contract against the debtor in state court where failure to lift stay risked inconsistent results in two forums).

20. Indeed, various courts have held that "[t]he Bankruptcy Code was not intended to give litigants a second chance to challenge a state court judgment nor did it intend for the Bankruptcy Court to serve as an appellate court for state court proceedings." *In re G& R Mfg. Co.*, 91 B.R. 991, 994 (Bankr.M.D.Fla. 1988); *see also, In re Metz*, 165 B.R. 769, 771 (Holding that automatic stay may be lifted to allow creditor to exercise its appellate rights and to resolve disputed deficiency claim); *In re Besing*, 981 F.2d 1488, 1496 (5th Cir. 1993)(Bankruptcy Code not intended to give litigants a second chance to challenge a state court judgment).

21. In the instant case, the validity and enforceability of the Default Final Judgment and the Settlement Agreement have now been fully briefed and litigated by the parties in front of both the Magistrate and the District Court. In fact, both the Magistrate and the District Court have ruled that the Default Final Judgment and Settlement Agreement are valid and enforceable with respect to Maximo Peralta. The District Court has also indicated that in the event the automatic stay was not in place, that the District Court would likely enter an identical ruling against the Debtor.

22. Accordingly, it is without a doubt that lifting the automatic stay to allow the District Court to enter its ruling on the Debtor's Objection to the Magistrate Order would (i) resolve all remaining issues between the parties; (ii) prevent duplication of lawyer and judicial efforts; and (iii) avoid the potential of inconsistent results in two forums.

### C) Funds Deposited in District Court Registry may be Disbursed to the Successful Party.

23.     In the instant case, once the District Court has entered a determination in this case, the funds deposited in the District Court Registry shall no longer be subject to a valid dispute.

24.     If the District Court rules in favor of the Debtor, the Clerk of the Court may disburse the funds currently held in the District Court Registry to the Debtor.

25.     If the District Court enters an Order overruling the Debtor's Objection to the Magistrate's Order, the Debtor will retain no legal or equitable interest in the funds deposited in the District Court Registry (the "Funds") and as such, the Funds are not property of the Debtor's Estate. *See In re Pettit*, 217 F.3d 1072, 1078 (9th Cir. 2000)(funds deposited in Court Registry were not property of the debtor's estate where debtor retained no legal or equitable ownership interest over the funds once judgment was entered, the funds never became "property of the estate" and were never subject to the automatic stay under section 362); *See, e.g., Tolz v. Lockwood (In re Mount Claire, Inc.),* 131 B.R. 231, 233 (S.D.Fla.1991) (at such time when state court determined registry funds to be the sole property of the creditor and ordered their release, debtor's interest in the funds was extinguished); *Carlson v. Farmers Home Admin. (In re Newcomb),* 744 F.2d 621, 625-27 (8th Cir.1984) (debtor lost all interest in funds held in escrow for judgment security pending appeal when lower court judgment was affirmed). If the District Court enters an Order overruling the Debtor's objection to the Magistrate's Order, the District Court Clerk may disburse the funds in the District Court Registry to the Creditor, Roberto Peralta.

For the reasons set forth herein, it is

**ORDERED AND ADJUDGED** that Creditor, Roberto Peralta's Motion for Relief from automatic stay to allow the District Court to enter a ruling on the Debtor's Objection to the Magistrate's Order is **GRANTED**, and upon ruling by the District Court, the Clerk of the District Court is authorized to disburse the funds held in the District Court registry to the prevailing party.

###

Submitted by:

Eyal Berger, Esq.
KLUGER, PERETZ, KAPLAN & BERLIN, P.L.
Attorneys for Roberto Peralta
Miami Center, Seventeenth Floor
201 So. Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile: (305) 379-3428

Eyal Berger, Esq. are hereby directed to serve conformed copies of this Order on all interested parties and file a Certificate of Service with the Court.