ORDERED in the Southern District of Florida on February 26, 2008



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                              Chapter 11

PERALTA FOOD CORP., a Florida Corporation          Case No. 07-16508-BKC-AJC
d/b/a Mar & Tierra Supermarket,

      Debtor.
_____/

### MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION (C.P. NO. 80)

THIS MATTER came before the Court for hearing on February 6, 2008 upon Peralta Food Corporation's (the "Debtor") *Motion for Reconsideration of Memorandum Opinion and Order Denying Debtor's Motion to Reject Executory Contract (DE 68 & 69) and of Memorandum Opinion and Order Granting Relief from Stay (DE 70 & 71)* (the "**Motion for Reconsideration**")(C.P. #80). Counsel for the Debtor and Roberto Peralta, a creditor of Debtor's estate, presented argument to the Court related to each party's respective position. At the conclusion of the hearing, the parties

stipulated to certain material facts and the Court announced its intention to rule on the Motion as a matter of law without the need for further discovery or an evidentiary hearing.

The Court has carefully reviewed and considered the Motion for Reconsideration, the relevant record in Debtor's bankruptcy case, and the arguments and representations of counsel at the hearing. This Memorandum Opinion incorporates by reference this Court's prior findings of fact and conclusions of law as detailed in the *Memorandum Opinion and Order Denying Debtor's Motion to Reject Executory Contract (DE 68 & 69)*(the "**Rejection Order**") and *Memorandum Opinion and Order Granting Relief from Stay (DE 70 & 71)* (the **Stay Relief Order**"). The Court denies Debtor's Motion for Reconsideration as follows:

A motion for reconsideration is typically granted on one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. *McDonough v. Am. Intern. Corp.*, 905 F.Supp. 1016. 1023 (M.D.Fla. 1995); *see also Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir. 1990). The purpose of a motion for reconsideration is to allow the court to "correct its own mistake, by calling its attention to a factual matter or a controlling precedent previously put forward by the party but 'overlooked' by the court." *PAB Aviation, Inc v. U.S.*, 2000 WL 1240196 (E.D.N.Y.)(citations omitted). *See also, Z.K. Marine Inc., v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D.Fla. 1992)(purpose of reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence). A motion to reconsider is appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Id.* (citations omitted).

The Debtor's Motion for Reconsideration did not introduce new evidence into the Court

record and did not rely on any intervening change in controlling law. Additionally, the Debtor's Motion for Reconsideration did not introduce any facts that demonstrate either a clear error in this Court's prior rulings or a manifest injustice resulting from the rulings. The Debtor, in both its motion and proposed order thereon, obscures the real issues before the Court by presenting arguments which have no relevance to or bearing on the orders entered. The orders which the Debtor requests the Court reconsider include the order denying rejection of the Settlement Agreement [between the Debtor and Roberto Peralta] and an order granting stay relief for the parties to proceed with their litigation in the U.S. District Court to finally resolve the dispute between them, including entitlement to the funds deposited in the registry of the U.S. District Court in that proceeding (the "**District Court Funds**"). With respect to the foregoing orders, the Court noted that the Debtor's bankruptcy estate held only a contingent interest in the District Court Funds and concluded that entitlement to said funds is best determined by the U.S. District Court, as the funds were deposited there by the Debtor pursuant to the terms of the Settlement Agreement executed by the parties.

In this bankruptcy case, the Debtor attempted to reject the Settlement Agreement, under which only the Debtor was obligated to perform by paying Roberto Peralta a certain sum of money. (It appears the Debtor was seeking rejection in an attempt to obtain the District Court Funds as property of the estate, available for distribution in this Chapter 11 case.) This Court, however, denied rejection of the Settlement Agreement finding it is not an executory contract, as that term is used in the Bankruptcy Code, and therefore not subject to rejection. The Court analyzed the issue of whether the Settlement Agreement is an executory contract under both the Countryman definition and the Functional approach and concluded that it was not an executory contract, subject to rejection, under either analysis. The Court believes the cases cited in its order support its ruling and the Debtor cites no authority to the contrary. The Debtor, in the Motion for Reconsideration and in the proposed

order, attempts to distinguish the case law and legal authority cited by the Court in its orders, but the Court finds such distinction to be without a difference. The cases cited by the Court have more similarities to this case than distinctions and the Court is not persuaded by the Debtor's argument that the cases are distinguishable and should not be applicable.

Furthermore, the Court made no error in determining the Debtor's estate has only a contingent interest in the District Court Funds, subject to determination of entitlement by the U.S. District Court, and it made no error granting stay relief so the parties could return to the District Court for that ruling, and whatever other rulings are necessary to conclude the dispute between the parties. Whoever is ultimately entitled to the District Court Funds will be determined by the U.S. District Court. There may be many more proceedings in the District Court case before entitlement to the District Court Funds is finally resolved, but once that determination is made, the estate's interest therein will either be extinguished or realized. *See T & B Scottdale Contractors, Inc. v. U.S.*, 866 F.2d 1372 (11th Cir. 1989)(funds deposited in joint bank account opened by contractor in name of subcontractor were not part of subcontractor's bankruptcy estate; the funds were deposited by contractor in the account and were meant for the subcontractor's materialmen.); *In re Mount Claire, Inc.*, 131 B.R. 231, 233 (Bankr. S.D.Fla. 1991)(debtor's contingent interest in funds deposited in state court was extinguished pursuant to post-petition state court order determining funds to be property of debtor's creditor). The Debtor's argument that Roberto Peralta is not entitled to the District Court Funds because they constitute an avoidable transfer is inappropriate at this time; if the U.S. District Court awards the funds to the Debtor, this argument becomes moot. The Court does not therefore believe this argument is relevant to the Motion for Reconsideration.

For the foregoing reasons, the Court finds no basis in law or fact which warrants or justifies reconsideration of its prior orders. Accordingly, it is

**ORDERED AND ADJUDGED** that the *Motion for Reconsideration of Memorandum Opinion and Order Denying Debtor's Motion to Reject Executory Contract (DE 68 & 69) and of Memorandum Opinion and Order Granting Relief from Stay (DE 70 & 71)* (C.P. #80) is DENIED.

###

Copies furnished to:

KLUGER, PERETZ, KAPLAN & BERLIN, P.L.
Attorneys for Roberto Peralta
Miami Center, Seventeenth Floor
201 So. Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile: (305) 379-3428

Attorney Eyal Berger, Esq. of Kluger, Peretz, Kaplan & Berlin, P.L. is directed to serve conformed copies of this Order on all interested parties and file a Certificate of Service with the Court.